UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CASIMIR E. KIELBASA,

    Plaintiff,

v.                Case No. 23-cv-817-pp

STEPHANIE (Jane Doe #1), *et al.*,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Casimir E. Kielbasa, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights when he was incarcerated at the Racine County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 9, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $61.44. Dkt. No. 8. The court received that fee on August 29, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.   Screening the Complaint

### A.   Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Stephanie, a psychologist at the Racine County Jail; Latisha, a "medical provider" at the jail; Captain Friend; the jail's "subcontracted Medical Providing Company" and Aramark Corporation. Dkt. No. 1 at 2-3. When he filed his complaint, the plaintiff was incarcerated at Dodge Correctional Institution. Id. at 2. He alleges that from June 21, 2021 until May 9, 2023, he was incarcerated at the Racine County Jail; the events he describes in the complaint occurred there. Id. at 2. The plaintiff says that

3

before he entered the jail, he "was prescribed an opiate 'Buprenorphile', aka 'Subutex and/or Suboxone', to treat severe pain, and bodily maintenance." Id. He alleges that he took this medication daily, as prescribed, for over ten years. Id.

When the plaintiff arrived at the jail in June 2021, defendant Stephanie allegedly "informed [him] the medicine he had been taking for the past 10+ years was not going to be administered [] because [] it was against facility policy at the [jail]." Id. The plaintiff states that this "[was] totally contrary to proper medical procedure of weaning a patient off buprenorphine[]" and that this "is evident by the warnings which come on the individual bottles of buprenorphine, and also the medications pharmokenesis." Id. The plaintiff asserts that he "suffered greatly" the first couple of months at the jail as a direct result of not receiving the medication "nor we[a]ning a patient off this powerful opiate on a tapered dose." Id. He says he suffered, and continues to suffer, severe pain, depression, anxiety and hallucinations. Id.

The plaintiff says he filed numerous requests to jail medical staff. Id. In late 2021, defendant Latisha allegedly examined the plaintiff and informed him that his medication would not be administered to him. Id. He says he continued to suffer and on an unknown date in late 2021, he got defendant Captain Friend's attention through "the secure glass of [the plaintiff's] pod" and asked Friend for his medicine. Id. Captain Friend allegedly responded, "that drug is not permitted in my jail." Id. The plaintiff alleges that throughout his

4

incarceration at the jail, he witnessed other incarcerated individuals receiving "the very same medication of buprenorphine." Id. at 2-3.

The plaintiff alleges that he made "all attempts to have his medication" administered to him and that he filed numerous grievances and requests on his tablet and on the kiosk. Id. at 3. He says that about two months before he was transferred from the jail to Dodge Correctional Institution, he tried to look up his numerous grievances (all of which, he says, contained the words "Subutex," "Buprenorphine" and "Suboxone"), but found they had been deleted from the kiosk and tablet, which are operated by Aramark Corporation. Id. The medical requests and grievances allegedly go through the kiosk and tablets to the unidentified subcontracted medical providing company that the jail employed at that time. Id. The plaintiff alleges that the medical staff and management "refused to answer" his grievances and requests, cherry-picked them and deleted them from the Aramark "app." Id.

The plaintiff states that he seeks damages from the defendants "[d]ue to the past and ongoing physical, and psychological pain suffered [by the plaintiff], as a result of this medication being purposefully withheld[.]" Id. He also asks that the medical and management staff at the jail be ordered not to deny incarcerated persons vital medication, that Captain Friend "should be reminded that the Racine County Jail is the taxpayer's jail and not his personal property," that Stephanie and Latisha be reprimanded and ordered to go before medical review boards, that Aramark be reprimanded for deleting communications, that the subcontracted medical provider be held liable for the

"deliberate malpractice" of its employees on the plaintiff, that the court order the plaintiff to be put back on Subutex as soon as possible and that he received $1,000 per day of incarceration at the Racine County Jail. Id. at 5.

C. Analysis

Although the plaintiff does not say so, it appears that he was in the Racine County Jail as a pretrial detainee during the events described in the complaint. The state court's publicly available docket shows that on June 22, 2021, a complaint was filed against the plaintiff in Racine County Circuit Court in State v. Kielbasa, 2021CF001046 (Racine County Circuit Court), available at https://wcca.wicourts.gov. The state court set his bond at $25,000 on June 23, 2021, and the plaintiff remained in pretrial custody throughout the case. Id. The Wisconsin Department of Corrections locator website reflects that the plaintiff was admitted to Dodge Correctional Institution on May 9, 2023 under a new judgment of conviction. https://appsdoc.wi.gov.

A §1983 claim that a state pretrial detainee has received inadequate medical care is based on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of

6

their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle Cnty., Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff's allegations that Stephanie, Latisha and Captain Friend would not let him have the prescribed medication that he took for severe pain and "bodily maintenance" implicates the plaintiff's Fourteenth Amendment rights. The plaintiff alleges that he suffered because he did not receive the medication. He also alleges that while the defendants told him jail policy did not allow the medication, he saw other incarcerated individuals receive that medication. At this stage, the plaintiff may proceed on an inadequate medical care claim against Stephanie, Latisha and Captain Friend in their individual capacities under the Fourteenth Amendment.[1]

The plaintiff has not stated a claim against the jail's subcontracted medical facility or Aramark based on allegations that they deleted the grievances the plaintiff filed about the medication. The plaintiff has not alleged that their actions caused or contributed to his inability to obtain his

---

[1] The plaintiff refers to Stephanie, Latisha and Captain Friend as, respectively, Jane Doe #1, Jane Doe #2 and John Doe #1. Dkt. No. 1 at 1. Because the plaintiff knows the names of these defendants (even if not their full names), he does not need to refer to them as Doe defendants. The court will adjust the caption so that Stephanie, Latisha and Captain Friend are not referred to as Doe defendants. If the United States Marshals Service cannot find and serve these defendants because the plaintiff hasn't included their full names, the plaintiff may need to conduct discovery to learn their full names; the court will let him know if that is necessary.

medication from the defendants. The court will dismiss Aramark and Racine County Jail Subcontracted Medical Co.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Racine County Jail Subcontracted Medical Co. and Aramark Co.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Stephanie, Latisha and Captain Friend under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Stephanie, Latisha and Captain Friend to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$288.56** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Racine Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 17th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**