UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASIMIR E. KIELBASA,

          Plaintiff,

v.                                        Case No. 23-cv-817-pp

STEPHANIE REYNOLDS, *et al.*,

          Defendants.

**ORDER DIRECTING UNITED STATES MARSHALS SERVICE TO MAKE FURTHER ATTEMPTS TO SERVE DEFENDANT STEPHANIE REYNOLDS**

      Casimir E. Kielbasa, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights when he was incarcerated at the Racine County Jail. On November 17, 2023, the court granted the plaintiff's motion for leave to proceed without prepaying the filing fee, screened the complaint under 28 U.S.C. §1915A and ordered the U.S. Marshals Service to serve the complaint on the defendants. Dkt. No. 9. Defendants Bradley Friend and Litisha Ramus have been served and have answered the complaint. Dkt. Nos. 15, 18. Defendant Reynolds has not been served; this order directs the United States Marshals Service to make further attempts to find and serve Reynolds.

      On April 5, 2024, the court received the USM-285 form as to defendant Reynolds, which reflects an address at MEND Correctional Care in Waite Park, Minnesota. Dkt. No. 29. The USM-285 form also states, "3/21/24 – unable to locate Nurse Reynolds. MEND Correctional Care shut down & no longer in business." Id.

Federal Rule of Civil Procedure 4(c)(3) states that the court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* (without prepaying the filing fee) under 28 U.S.C. §1915. See Williams v. Werlinger, 795 F.3d 759, 760 (7th Cir. 2015). The Marshals Service knows that defendant Stephanie Reynolds worked at the Racine County Jail and that she was employed by MEND Correctional Care during the time described in the complaint. With this information, the Marshals Service should be able to locate and serve defendant Reynolds. See Williams, 795 F.3d at 760 (finding that district court prematurely allowed the Marshals Service to abandon search for defendant and suggesting ways the Marshals, who "are experts at tracking down fugitives," could locate a retired prison warden who could not be located using internet database searches).

The court **ORDERS** that the United States Marshals Service must make further attempts to serve defendant Stephanie Reynolds as described in this order. If, by the end of the day on **June 7, 2024**, the Marshals Service has not served defendant Stephanie Reynolds, it must provide the court with a written explanation of the attempts it has made to locate and serve defendant Reynolds, including why it has been unable to find and serve her.

Dated in Milwaukee, Wisconsin this 23rd day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**