UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CASIMIR E. KIELBASA,

                      Plaintiff,

v.                                                Case No. 23-cv-817-pp

STEPHANIE REYNOLDS, *et al.*,

                      Defendants.

---

**ORDER GRANTING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 47) AND DISMISSING CASE**

---

Plaintiff Casimir E. Kielbasa, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants—Stephanie Reynolds, Litisha Ramus and Bradley Friend—violated his constitutional rights when he was incarcerated at the Racine County Jail. The three defendants are represented by separate counsel. On August 19, 2024, they filed a joint motion for summary judgment on exhaustion grounds. Dkt. No. 47. This order grants the defendants' motion and dismisses the case without prejudice.

**I.    Facts[1]**

At the time of the events he describes in his complaint, the plaintiff was confined in the Racine County Jail. Dkt. No. 49 at ¶1. Defendants Ramus and

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

Case 2:23-cv-00817-PP   Filed 02/19/25   Page 1 of 13   Document 77

Reynolds were employed as nurses in the jail's health services unit (HSU). Id. at ¶¶2-3. Defendant Friend worked as a captain in the jail. Id. at ¶4.

The plaintiff filed the complaint on June 20, 2023. Id. at ¶5. He alleges that the defendants violated his constitutional rights by refusing to provide him with the opiate medication ("Buprenorphine," also known as "Subutex and Suboxone") he was receiving before being admitted to the jail. Id. at ¶6. The court screened the complaint and allowed the plaintiff to proceed on a Fourteenth Amendment claim against the defendants. Id. at ¶7.

The plaintiff was incarcerated at the jail from June 21, 2021 until May 9, 2023. Id. at ¶8. During the time the plaintiff was confined at the jail, to make a formal complaint at the jail concerning health, welfare, facility operations, services or to address an issue of oppression or misconduct by an employee, an incarcerated person was required to submit a "grievance." Id. at ¶9. Grievances and grievance appeals were submitted electronically through the jail's kiosk system. Id. at ¶10. The jail's grievance process was described for incarcerated individuals in the Inmate Handbook. Id. at ¶11. The handbook is and was available to all incarcerated persons via electronic kiosks in the day room common areas. Id. at ¶12. To use the electronic kiosks, incarcerated persons must read the handbook and certify that they have read and understood its contents. Id. at ¶13. Once an incarcerated person filed an initial grievance, the grievance procedure is not complete until the grieving individual appeals any denial of the grievance and the captain renders a final appeal decision. Id. at ¶14.

The plaintiff submitted 383 inmate requests and grievances through the jail's kiosk system during his time there. Id. at ¶15. The plaintiff did not file any grievances or appeals regarding the defendants' alleged failure to provide him the medication he was prescribed before he was incarcerated at the jail. Id. at ¶16.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

3

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Discussion

The defendants contend that the plaintiff failed to exhaust his administrative remedies by failing to file any grievances or appeals related to the claim he raises in this lawsuit. Dkt. No. 48 at 4.

The plaintiff responds that the grievance process was unavailable to him. Dkt. No. 69 at 8. He asserts that he tried to file a written grievance as described in the Inmate Handbook but that none of his handwritten grievances were returned to him. Id. at 7. The plaintiff states that after he had been at the jail for about a year, another incarcerated individual showed him that grievances could be submitted on the kiosk. Id. at 3 ¶15; 7. He states that he then submitted grievances regarding the withholding of his medication, but that he could not appeal the grievances because they were "locked" by jail staff after the grievances were answered. Id. at 7.

The defendants reply that the plaintiff did not respond to their proposed findings of fact and that he raises new allegations in his opposition brief that he did not raise in his complaint. Dkt. No. 75 at 1. The defendants also contend that the plaintiff's response does not create an issue of material fact sufficient to defeat summary judgment. Id. They clarify that incarcerated individuals could submit grievances electronically via the kiosk (which is a

4

public computer in housing units) or via personal electronic tablets that the jail distributes to incarcerated individuals. Id. at 4; Dkt. No. 76 at ¶¶4, 6-8. Incarcerated individuals also may submit handwritten requests and grievances using forms that are available on the housing units. Id. ¶¶4, 9. The defendants point out that the plaintiff's request and grievance history shows that he submitted 383 electronic requests and grievances during his time at the jail, beginning four days after he arrived there, undermining his assertion that he did not learn about the ability to file grievances on the kiosk until about a year after he arrived at the jail, when another incarcerated individual showed him how to do so. Dkt. No. 75 at 5.

The defendants contend that the plaintiff has not established a genuine issue of material fact because he failed to properly dispute the defendants' proposed findings of fact. Dkt. No. 75 at 2. The defendants asserts that their proposed facts are undisputed because plaintiff did not submit a response that complies with the Federal Rules of Civil Procedure and this district's Civil Local Rules. Id. The defendants are correct that the Local Rules require a party opposing summary judgment to file a concise response to the moving party's statement of proposed facts that contains the moving party's proposed findings of fact followed by a response that includes, in the case of any disagreement, references to supporting materials. Civil Local Rule 56(b)(2)(B) (E.D. Wis.). But district courts are entitled to construe submissions by self-represented parties leniently and may overlook the plaintiff's noncompliance by construing the limited evidence in a light most favorable to plaintiff. See Grady v. Hardy, 826

5

F.3d 1000, 1005 (7th Cir. 2016). The plaintiff's response to defendants' motion for summary judgment includes a verified declaration. Dkt. No. 69 at 1-5. The court has considered the information in plaintiff's response to the extent that it complies with Fed. R. Civ. P. 56(c).

The defendants next contend that because the plaintiff's complaint does not include these allegations, the court should not consider the plaintiff's allegations that jail staff did not train him to use the kiosk to file grievances, that staff discouraged him from using the kiosk and that his handwritten grievances went unreturned. Dk. No. 75 at 2. The defendants cite to Gibson v. Chester, Case No. 19-cv-45-pp, 2020 WL 5716055, (E.D. Wis. Sept. 24, 2020), in support of their assertion that the plaintiff was required to make these exhaustion allegations in his federal complaint for the court to consider them at summary judgment. But the court in Gibson said that an incarcerated individual first must raise the issue of whether he had good cause for tardy submission of his inmate complaint in his *inmate complaint*, not in his civil rights complaint. See id. at **6-7. Exhaustion is an affirmative defense, and incarcerated individuals are not required to plead that they exhausted administrative remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007); Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008). The court can consider at summary judgment the plaintiff's assertions regarding exhaustion, even when he did not include them in his complaint.

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such

6

Case 2:23-cv-00817-PP    Filed 02/19/25    Page 6 of 13    Document 77

administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The plaintiff states that he tried to exhaust his administrative remedies by submitting multiple written grievances, but that he received no response to them. Dkt. No. 69 at 2 ¶¶11-12; 7. The plaintiff avers:

> When I asked about the grievance[]s, from the numerous CO's; I was told the sergeants were aware of the situation, and if I'd like to; I can

7

Case 2:23-cv-00817-PP    Filed 02/19/25    Page 7 of 13    Document 77

> file another grievance. After months of no reply following the Inmate Handbook[']s direction how to file a grievance at the RCJ, and how the CO's instructed me to file grievance[]s, all the while suffering greatly from not taking my medication; I was never told by the CO's to file a grievance on a kiosk. In fact I was told by CO's not to file complaints/grievances on a kiosk.

Id. at 3 ¶14. The plaintiff asserts that after he was at the jail for about a year, another incarcerated individual showed him that grievances could be submitted on the kiosk, so he then used the kiosk to submit grievances about the withholding of his medication. Id. at 3 ¶¶15-17. The plaintiff states that the defendants' Exhibit B (Dkt. No. 50-1) shows that he submitted three grievances via the kiosk that exhaust his claims. Dkt. No. 69 at 3 ¶16; 7. The plaintiff filed those grievances as Exhibits A, B and C to his summary judgment response. Dkt. No. 69-1 at 1-6. He states that after the jail responded to his grievances, the grievances were "locked," which prevented him from appealing them. Dkt. No. 69 at 7-8.

Incarcerated individuals need only exhaust "available remedies, not remedies that are unavailable." Jackson v. Esser, 105 F.4th 948, 956-57 (7th Cir. 2024) (quoting Hacker v. Dart, 62 F.4th 1073, 1078 (7th Cir. 2023)). "If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement." Id. at 957 (citing Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016)); see also Crouch v. Brown, 27 F.4th 1315, 1322-23 (7th Cir. 2022) (Prison officials may not take unfair advantage of the exhaustion requirement or make a remedy unavailable by failing to respond properly or by affirmative misconduct.).

8

The defendants state that jail staff instruct incarcerated individuals to file requests or grievances via the kiosk, tablet or by hand. Dkt. No. 76 at ¶6. If the plaintiff had averred only that he had submitted written grievances and never received a response, a genuine dispute might exist as to whether administrative remedies were available to him. See Jones v. Lamb, 124 F.4th 463, 468 (7th Cir. 2024) (quoting Ross v. Blake, 578 U.S. 632, 643 (2016) (remedies unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.")). But the plaintiff also claims that he exhausted administrative remedies when he filed grievances electronically using the kiosk. His assertion that he didn't know that grievances could be submitted using the kiosk until a year after he arrived at the jail does not square with the record, which shows that he first used the kiosk to submit a grievance about a month after he arrived at the jail and that he filed, and appealed, multiple grievances before ostensibly learning how to do so from another incarcerated person. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling a motion for summary judgment." Lamb, 124 F.4th at 469 (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

When faced with an allegation that remedies are unavailable, the court "may still grant summary judgment on exhaustion grounds if it determines that there are no genuine disputes of material fact, and, viewing the facts in

9

the light most favorable to the nonmovant, the defendants satisfied their burden to show that remedies were available to the nonmovant as a matter of law." Jackson, 105 F.4th at 957 (citing Smallwood v. Williams, 59 F.4th 306, 318 (7th Cir. 2023)). The plaintiff's grievance record shows that administrative remedies were available to the plaintiff because he filed multiple grievances on the kiosk in his first year at the jail. Dkt. No. 50-2. Even if, as the plaintiff asserts, he was told not to use the kiosk, he *did* use it to fully exhaust grievances during the time he says he couldn't use it because he didn't know how. On this record, "no reasonable factfinder could find that [the plaintiff] was prevented from exhausting his administrative remedies." Id. at 959 (quoting Smallwood, 59 F.4th at 319). The defendants have met their burden of establishing that a grievance procedure was available to the plaintiff. See Smallwood, 59 F.4th at 318-19. The court cannot conclude that administrative remedies were unavailable to the plaintiff.

The plaintiff contends that he filed three grievances (Exhibits A, B, C) that exhausted his administrative remedies. Exhibits A and B are not grievances—they are requests. Dkt. No. 69-1 at 1-3. An incarcerated individual who files a request instead of a grievance has not exhausted his administrative remedies. See Saffold v. Peterson, Case No. 19-cv-1414-pp, at *11 (E.D. Wis. Feb. 16, 2022). The plaintiff did not exhaust administrative remedies by filing Exhibits A and B.

10

The plaintiff's Exhibit C *is* a grievance, and it arguably raises the issue of the withholding of his medication.[2] But it is undisputed that the plaintiff did not complete the exhaustion process by filing an appeal. The plaintiff asserts that he was prevented from filing an appeal because the complaint was "locked," which gave him "no way to appeal any grievance or complaint." Dkt. No. 69 at 7. But the record shows that the grievance was *closed*, not locked. Dkt. No. 69-1 at 5. Incarcerated individuals can reply to a "closed" grievance at any time, generating an appeal. Dkt. No. 76 at ¶12. The record shows that the plaintiff had filed an appeal in twenty previously "closed" grievances, some of them before he filed the grievance designated as Exhibit C. Id. at ¶26. The plaintiff did not complete the exhaustion process with Exhibit C because he did not appeal the dismissal of the grievance. See Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The plaintiff has failed to exhaust his available administrative remedies. The court will grant the defendants' motion for summary judgment and dismiss

---

[2] The grievance states:

> Once again medication stopped without warning. I'm in constant chronic pain as all my medical history shows. I was on Tylenol to alleviate a small amount of the pain. I was told by medical RNs here to have my family bring in Tylenol and ibuprofen in the past. My family has brought numerous 500ct bottles of Tylenol and ibuprofen to the rcj. Bottles which should still be here. *Since you[']ve, without justification, have withheld the pain alleviating medication 'subutex' I was on for 15+ years daily before coming to the rcj, can I please be put back on a regiment of Tylenol and ibuprofen, which are over the counter medications?* I am in constant pain every day from plueralcy [sic] and spinal pain.

Dkt. No. 69-1 at 5 (emphasis added).

this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

### III. Conclusion

The court **GRANTS** the defendants' joint motion for summary judgment on exhaustion grounds. Dkt. No. 47.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**